IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTINA JACOBS,**

        **Plaintiff,**

**v.**     //     CIVIL ACTION NO. 1:13CV164
                      (Judge Keeley)

**UNITED STATES OF AMERICA,**

        **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is a motion for summary judgment (dkt. no. 98) filed by the defendant, the United States of America (the "Government"). Also pending is the report and recommendation ("R&R") (dkt. no. 106) of the Honorable Robert W. Trumble, United States Magistrate Judge, recommending that the complaint filed by the plaintiff, Christina Jacobs ("Jacobs"), be dismissed with prejudice. Jacobs objects to the R&R (dkt. no. 108). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety, **OVERRULES** Jacobs's objections, **GRANTS** the Government's motion for summary judgment, and **DISMISSES** this case **WITH PREJUDICE**.

## I. BACKGROUND

This case has a long and tortuous record, painstakingly and exhaustively recounted by Magistrate Judge Trumble in his R&R. Indeed, the R&R included a thorough review of the procedural and

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

factual history and the relevant medical records submitted by the parties, together with illustrated medical diagrams relevant to this matter. Consequently, the Court need not repeat that background here and will focus on Jacobs's objections to the findings in the R&R.

## II. STANDARD OF REVIEW

**A.   Review of the R&R**

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47

JACOBS V. UNITED STATES OF AMERICA                              1:13CV164

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

(4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**B.  Motion for Summary Judgment**

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(1)(A), (a). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207 (4th Cir. 2014). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of

JACOBS V. UNITED STATES OF AMERICA                           1:13CV164

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

triable fact exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. <u>Id.</u> at 248–52.

### III. LEGAL ANALYSIS

**A.    Magistrate Judge Trumble's R&R**

In the R&R, Magistrate Judge Trumble concluded that:

- Jacobs's expert witness, Dr. Cherron Jenkins ("Dr. Jenkins"), a South Carolina licensed chiropractor, is not qualified to opine on the applicable orthopedic standard of care required to prove a medical negligence claim under West Virginia law;

- Jacobs failed to state a claim of negligence against Dr. Janet Shackelford ("Dr. Shackelford") for failure to

4

JACOBS V. UNITED STATES OF AMERICA                          1:13CV164

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

suture her finger on the day of the injury, and no issue of material fact existed on this claim;

- Jacobs's bare allegations of negligence against both Dr. Shackelford and Physician's Assistant Alicia Wilson ("PA Wilson") for their alleged failure to splint her finger or refer her to an orthopedic specialist do not raise any issue of material fact;

- Jacobs provided no admissible expert opinion in support of her claims of medical negligence or damages.

Finding no genuine issues of material fact were in dispute, the R&R recommended that the Court grant the Government's motion for summary judgment and dismiss the case with prejudice. (Dkt. No. 106 at 50).

**B.   Jacobs's Objections to the R&R**

Jacobs's objections list numerous points of disagreement with the findings in the R&R, most of which are wholly inconsequential to the legal analysis or the conclusions in the R&R.[1] Indeed, Jacobs expends much effort objecting to minute discrepancies regarding specific details about the cut on her finger, her

---

[1] For example, her first objection takes umbrage with the R&R's statement that "on June 19, 2015, Plaintiff filed a notice of change of address, indicating she was out of prison," instead contending that she filed "a notice of change of address to make the court aware that [she] would be released on June 24, 2015, to a halfway house." (Dkt. No. 10 at 1). This objection, amongst others, simply has no bearing at all on the reasoning or application of law in the R&R.

**JACOBS V. UNITED STATES OF AMERICA**                                1:13CV164

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

activities while incarcerated, unrelated injuries to her leg, and other technicalities. She never explains how such minor discrepancies, even if true, would materially alter the legal analysis in the R&R on the relevant issues of negligence or the applicable standard of care.

The crux of Jacobs's substantive objections can be broken down into four categories: (1) negligent failure to suture; (2) negligent failure to splint; (3) negligent failure to refer her to an orthopedic surgeon; and (4) disqualification of her expert.

On the issue of failure to suture, the R&R concluded that there is no evidence of record establishing that Dr. Shackelford breached the applicable standard of care by waiting until the day after the injury to suture Jacobs's lacerations. (Dkt. No. 106 at 40-41). Moreover, both Jacobs's own treating orthopedist, James Bethea, M.D., as well as the cited medical literature, concur that the decision to delay suturing was consistent with the applicable standard of care. Id. at 40. Therefore, notwithstanding Jacobs's contentions otherwise, Magistrate Judge Trumble correctly concluded that no genuine issue of material fact precluded summary judgment on the claim of negligent failure to suture. Id. at 40-41.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

Similarly, the R&R concluded that neither Dr. Shackelford nor PA Wilson negligently failed to splint Jacobs's fingertip. Id. at 44, 46. Notably, Dr. Shackelford initially applied a large stiff bandage that immobilized the fingertip, providing the same effect as a splint. Id. at 41-43. In addition, on the day following the injury, PA Wilson splinted the finger with a hard plastic covering.[2] Id. at 42, 45-46.

The R&R also noted that a splint is not mandated when treating a tuft fracture, and that in Dr. Bethea's opinion, a splint would not have prevented any lack of healing from this type of injury. Id. at 46. Thus, because the defendant did provide Jacobs with a splint, although not of the type or style Jacobs might have envisioned, her claim lacks evidentiary support.

Finally, the R&R noted that Jacobs presented no evidence establishing that the treatment she received from Dr. Shackelford or PA Wilson fell below the applicable standard of care. Id. at 43. Accordingly, because there is no issue of material fact in dispute

---

[2]Indeed, Exhibit D to Jacobs's objections shows a picture of the plastic covering provided to her by PA Wilson. This picture clearly shows an apparatus that qualifies as a splint by definition, which the R&R fully addressed. (Dkt. No. 106 at 41, 45-46).

7

**JACOBS V. UNITED STATES OF AMERICA					1:13CV164**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

as to this issue, the Court adopts the R&R's conclusion that summary judgment is warranted. Id. at 44, 46.

The R&R also concluded that neither Dr. Shackelford nor PA Wilson was negligent in failing to refer Jacobs to an orthopedic specialist on the day of the injury. Id. at 44-45, 46-47. The record clearly establishes that multiple doctors, including Jacobs's own orthopedist, opined that such a referral was unnecessary and that this type of injury did not require surgery. Id. at 44-46. In light of the evidence of record, as well as the lack of any expert testimony establishing that the treatment provided by Dr. Shackelford and PA Wilson fell below the applicable standard of care, Jacobs's bare allegations do not raise a genuine issue of material fact. Id. at 45, 47.

Finally, Jacobs vigorously objects to the conclusion in the R&R that her expert, Dr. Jenkins, is not qualified to opine on the standard of care. In the R&R, Magistrate Judge Trumble concluded that Dr. Jenkins, who is a chiropractor, lacks "the requisite professional knowledge, education, training, experience and expertise, coupled with a familiarity with the applicable standard of care to which her opinion is addressed." Id. at 32.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

Jacobs contends that Dr. Jenkins qualifies as an expert because she is an adjunct professor who teaches Anatomy & Physiology ("A&P") courses at South University in Columbia, South Carolina. (Dkt. No. 108 at 5). A review of the course description for A&P at South University, however, provides no indication that its subject matter in any way covers orthopedic injuries or their treatment.[3]

After thoroughly discussing the legal standard for expert testimony regarding the applicable standard of care in professional liability cases under W. Va. Code § 55-7B-7, as well as the relevant case law and the pertinent facts of this case, Magistrate Judge Trumble concluded that Dr. Jenkins simply was not competent

---

[3] The course description describes A&P as a
> General review of all anatomic and physiologic concepts and systems will be undertaken. Class sessions will focus on an in-depth look at human anatomy and physiology with an emphasis on cellular and sub-cellular mechanisms of normal function. Introductory information will be provided as to clinical application of anatomic and physiologic variations from normal and the means by which these variations can contribute to disease. . . .

See http://catalog.southuniversity.edu/content.php?filter%5B27%5D=-1&filter%5B29%5D=&filter%5Bcourse_type%5D=-1&filter%5Bkeyword%5D=anatomy&filter%5B32%5D=1&filter%5Bpage%5D=1&cur_cat_oid=6&expand=&navoid=345&search_database=Filter

JACOBS V. UNITED STATES OF AMERICA                          1:13CV164

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

to opine on the standard of care for orthopedists regarding this type of injury. Id. at 31-37.

Jacobs has failed to proffer admissible evidence that the care provided by either Dr. Shackelford or PA Wilson fell below the applicable standard of care. Moreover, she has provided no expert testimony establishing what is the applicable standard of care for this type of injury, an element required for all medical negligence claims under West Virginia law. Based on this lack of evidence and because there are no genuine issues of material fact in dispute, the defendants are entitled to summary judgment.

## IV. CONCLUSION

Following a de novo review of the R&R, Jacobs's objections, and the entire record in this case, the Court concludes that Magistrate Judge Trumble's R&R is careful, complete, well-reasoned, and grounded in the record of this case. Accordingly, for the reasons more fully stated in the R&R, the Court:

1.  **ADOPTS** the R&R in its entirety (dkt. no. 106);
2.  **OVERRULES** Jacobs's objections (dkt. no. 108);
3.  **GRANTS** the Government's motion for summary judgment (dkt. no. 98); and

JACOBS V. UNITED STATES OF AMERICA 1:13CV164

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 106], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 98], AND DISMISSING CASE WITH PREJUDICE**

4. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, return receipt requested.

DATED: September 7, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE